**F I L E D**

**PUBLISH**

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

---

IN RE APPLICATION OF
JONATHAN GUY ANTHONY
PHILLIPS and ROBERT ANDREW
HARLAND FOR ASSISTANCE
BEFORE A FOREIGN TRIBUNAL,

Petitioners-Appellees,

v.

WILLIAM T. BEIERWALTES and
LYNDA L. BEIERWALTES,

Respondents-Appellants.

No. 05-1021

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 03-MC-103)**

---

Richard L. Gabriel (Sven C. Collins with him on the briefs) of Holme Roberts &
Owen LLP, Denver, Colorado, for Respondents-Appellants.

Henry J. Ricardo of Dewey Ballantine LLP, New York, New York (Scott C.
Sandberg of Snell & Wilmer L.L.P., Denver, Colorado; and Leo V. Gagion of
Dewey Ballantine LLP, New York, New York, with him on the brief) for
Petitioners-Appellees.

---

Before **KELLY**, **SEYMOUR**, and, **HARTZ**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Colorado residents Lynda L. Beierwaltes and William T. Beierwaltes (hereinafter "the Beierwaltes") appeal a magistrate judge's order granting the motion to compel production of documents filed by Jonathan Guy Anthony Philips and Robert Andrew Harland (hereinafter "the administrators"). Because we conclude we lack jurisdiction, we dismiss the Beierwaltes' appeal.

I.

The administrators represent the estate of Christo Michailidis. Mr. Michailidis was the business partner for more than thirty years of London antiquities dealer, Robin Symes. Following Mr. Michailidis' death in 1999, the administrators filed an action against Mr. Symes and other defendants in the English High Court of Justice, Chancery Division, seeking an accounting of the assets and liabilities of the Michailidis/Symes partnership at the time of Mr. Michailidis' death. On April 4, 2003, the English court granted their request.

Mr. Symes' failure to comply with the court's order prompted the administrators to seek discovery from non-party clients of the Michailidis/Symes partnership, some of whom, like the Beierwaltes, reside outside the English court's jurisdiction. Hence, the administrators applied to the district court in Colorado pursuant to 28 U.S.C. § 1782(a)[1] for an order requiring the Beierwaltes

---

[1] Title 28 U.S.C. § 1782(a) provides:
> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations

(continued...)

to produce documents and provide testimony. The record reveals the administrators' § 1782 application was randomly assigned to a magistrate judge on October 3, 2003. Aplt. App., vol. I at 105. The Beierwaltes assert that no district court judge was ever assigned to the matter, and the record bears out this assertion.

On October 8, 2003, the magistrate judge granted the administrators' application and authorized them to serve the Beierwaltes with subpoenas. Interestingly, he signed the order above the designation, "UNITED STATES DISTRICT JUDGE." Aplt. App., vol. I at 108. Upon being served, the Beierwaltes contacted the administrators to negotiate the scope of discovery. Those negotiations eventually resulted in an agreement and a stipulated protective

---

[1](...continued)
conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

order signed by the magistrate judge governing the terms of discovery. The Beierwaltes subsequently produced documents, but the administrators were not satisfied with the extent of the Beierwaltes' compliance. The administrators therefore filed a motion to compel with the magistrate judge on December 9, 2004. The magistrate judge granted the administrators' motion the following day without waiting for a response from the Beierwaltes. That order also was signed over the designation, "UNITES STATES DISTRICT JUDGE." Aplt. App., vol. III at 451.

The Beierwaltes filed a motion to reconsider with the magistrate judge and, on January 10, 2005, filed a motion to stay the order to compel, in which they challenged the authority of the magistrate judge to act, as well as a notice of appeal to this court. On February 25, the magistrate judge denied the motion to reconsider, but granted the motion for a stay. This time the order was signed over the designation, "U.S. Magistrate Judge." *Id.* at 598. On March 1, the Beierwaltes filed an amended notice of appeal.

## II.

On appeal, the Beierwaltes' primary claim is that the magistrate judge lacked jurisdiction to issue the order to compel on behalf of the district court. In the alternative, they assert the magistrate judge abused his discretion by granting the administrators' motion without affording them an opportunity to respond and that the order to compel violates their rights to privacy and due process. In

-4-

response, the administrators primarily assert the Beierwaltes consented to the magistrate judge's jurisdiction pursuant to 28 U.S. C. § 636(c), thereby waiving any claim that he lacked jurisdiction. In the alternative, they contend their § 1782 application was a discovery matter properly referred to the magistrate judge. They also maintain the magistrate judge acted within his authority when he granted their motion to compel absent a response, and they deny the order violates the Beierwaltes' rights to privacy and due process. Upon our request, the parties filed supplemental briefs addressing whether we have jurisdiction over this appeal. Both parties assert that we do have jurisdiction. We conclude that we do not.

Title 28 U.S.C. § 1291 grants the courts of appeals jurisdiction "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Section 1782(a) provides that a district court may order a resident of the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Such orders are considered final and appealable to this court. *See Kestrel Coal PTY. Ltd. v. Joy Global Inc.*, 362 F.3d 401, 403 (7th Cir. 2004); *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 n.1 (3rd Cir. 1999). In the present case, however, we are not asked to review an order from a district court. Rather, we are asked to review an order issued by a magistrate judge.

The administrators assert their application was properly referred to the

magistrate judge under § 636(c) of the Magistrate's Act, which "authorizes a magistrate to enter final judgments appealable to the circuit court in 'any or all proceedings in a jury or nonjury civil matter,' where . . . (1) the district court designates the magistrate to do so and (2) the parties consent to such an exercise of jurisdiction." *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 810 (10th Cir. 1989) (quoting 28 U.S.C. § 636(c)(1)).[2]  We are

_____

[2] Title 28 U.S.C. § 636(c) provides in relevant part:
Notwithstanding any provision of law to the contrary--
(1) Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .

(2) If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

(3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of

(continued...)

not persuaded.

Referral of a motion to a magistrate judge for the purpose of issuing a final appealable order requires an original assignment of the matter to a district judge, who in turn designates a magistrate judge. *See Colo. Bldg. & Constr. Trades Council*, 879 F.2d at 810. *See also* § 636(c)(1); D.C. COLO. L. CIV. R. 72.2(D) ("When there is such consent, the magistrate judge shall forthwith notify the assigned district judge who will then determine whether to enter an order of reference pursuant to 28 U.S.C. § 636(c)."). Significantly, there is no indication in the record that the administrators § 1782 application was referred to the magistrate judge pursuant to § 636(c). Thus, there is no evidence the clerk of court notified the parties of the availability of the magistrate judge to exercise the district court's jurisdiction as required by § 636(c)(2) or that the parties expressly consented to the magistrate judge so acting. *See* § 636(c)(2) ("[T]he clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court.").[3] Moreover, there is no evidence in the

_____

[2](...continued)
the district court in accordance with the Federal Rules of Civil
Procedure. . . .

[3] Local rule 72.2(C) provides that "[u]pon the filing of any civil case, the clerk shall deliver to the plaintiff(s) written notice of the right of the parties to consent to disposition of the case by a magistrate judge pursuant to 28 U.S.C. § 636(c) and the provisions of this rule. The written notice shall be in such form as
(continued...)

-7-

record that either a "district court judge or the magistrate judge . . . advise[d] the parties of the availability of the magistrate judge [to exercise jurisdiction], . . . [or] advise[d] the parties that they are free to withhold consent without adverse substantive consequences." *Id*. Thus, there is no evidence the Beierwaltes consented to the authority of a magistrate judge to render a final order on the administrators' § 1782 application. Both notice and express consent are required by § 636(C)(2).

Citing *Roell v. Withrow*, 538 U.S. 580 (2003), the administrators argue there was implied notice and consent because the Beierwaltes did not challenge the magistrate judge's jurisdiction for more than a year following the judge's order authorizing the administrators to subpoena the Beierwaltes. In *Roell*, the Supreme Court held that implied consent to the magistrate judge's authority to act for the district court is warranted "where . . . the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id*. at 590. *See also id*. at 587 n.5 ("Certainly, notification of the right to refuse the magistrate judge is a prerequisite to any inference of consent."). Because there was no notification to the Beierwaltes or their counsel of the need to consent or the right to refuse consent, *Roell* does not permit us to infer consent to the magistrate judge's

---

³(...continued)
the district judges shall direct." D.C. COLO. L. CIV. R. 72.2(C).

authority to act for the district court.

In the alternative, the administrators argue their application can be characterized as a "discovery dispute" and, as such, may be referred to a magistrate judge without the Beierwaltes' consent. *See* 28 U.S.C. § 636(b)(1)(A) (permitting a district court judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court"). Specifically, the administrators claim their § 1782 application was properly referred by the clerk of court to the magistrate judge under a blanket referral order assigning to magistrate judges all "discovery disputes in cases pending in other federal courts." D.C. COLO. L. CIV. R. 72.1(B)(7). We disagree. The administrators' application does not stem from a case "pending in [an]other federal court[]." D.C. COLO. L. CIV. R. 72.1(B)(7). Rather, it is a subpoena request arising from a case pending in an English court. Accordingly, we question whether an application made pursuant to 28 U.S.C. § 1782 constitutes a "pretrial matter pending before the court" for the purposes of referring a matter to a magistrate judge under this local rule. 28 U.S.C. § 636(b)(1)(A).

We need not decide whether there was a proper reference to the magistrate judge under § 636(b) and the District of Colorado local rules because even if there was, the magistrate judge had no authority to enter a final order on the matter at issue here.

Federal magistrate judges are creatures of statute, and so is

their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the parties did not consent to proceeding before the magistrate judge, *see* § 636(c)(1), the district court may designate a magistrate judge to consider various matters. *See* § 636(b). These matters are generally categorized as 'dispositive' or 'non-dispositive,' and a magistrate judge's authority with respect to each category is different: Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. *Id*. § 636(b)(1)(B), (C).

*First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (internal citations, quotations, and brackets omitted).

Whether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782, it was not a final appealable order until the district court acted on it. In these circumstances, "[w]hen [the Beierwaltes] objected to the magistrate judge's order through [their] motion for reconsideration, the district court was obligated to [review] the basis for the order." *First Union Mortgage Corp.*, 229 F.3d at 996. Because the district court failed to do so, no final appealable order was entered in this case.

Accordingly, we lack jurisdiction to review the Beierwaltes' appeal, and we therefore **DISMISS** it.