FILED
United States Court of Appeals
Tenth Circuit

June 17, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DWAYNE THOMPSON,
AKA Booboo,

Defendant - Appellant.

No. 07-5158

(N.D. Oklahoma)

(D.C. No. 4:01-cr-00033-TCK-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

The United States wishes to collect a fine and assessment owed by Marcus

Dwayne Thompson by executing on some real property that he owns. It obtained

a writ of execution issued by a magistrate judge. Mr. Thompson appealed the

order granting the writ, but we dismissed the appeal because the order was not a

final, appealable order, which, in the absence of the consent of the parties, could

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be entered only by a district judge. Mr. Thompson, apparently concerned that the magistrate judge's order could authorize a judicial sale of his property without his having an opportunity to challenge the order on appeal, petitioned the district court for an injunction prohibiting a levy against his property before the district court entered a final, appealable order. The district court denied the petition and Mr. Thompson appeals to this court.

Although we agree with the gist of Mr. Thompson's argument, we affirm the denial of the injunction, because such equitable relief is unnecessary. As held in our prior order dismissing Mr. Thompson's first attempt to appeal, the magistrate judge lacked authority to issue an order approving a writ of execution. Unless and until the district court approves such an order, no levy against Mr. Thompson's property is permissible.

## I.    BACKGROUND

On August 9, 2001, Mr. Thompson pleaded guilty to three counts of possession with intent to distribute cocaine. He was sentenced to 170 months' imprisonment, fined $17,500, and ordered to pay an assessment of $300. The judgment ordered him to pay the fine and assessment "immediately." R. Vol. I, Doc. 47 at 4. The judgment further stated that "[a]ny amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program." *Id*. Mr. Thompson contends that he has made payments through that program.

On November 15, 2006, the government filed an application for a writ of execution on real property in which Mr. Thompson allegedly had an interest. A magistrate judge issued a writ of execution the next day. On February 28, 2007, Mr. Thompson requested that the case be transferred to the Eastern District of Texas, where he was incarcerated. He also filed a response to the application in which he argued that the government was estopped from executing on his property because it had a contract with him that he was to pay the fine through the Inmate Financial Responsibility Program. After conducting a telephonic hearing, the magistrate judge entered a minute order on March 20, 2007, denying Mr. Thompson's request for a transfer and again granting a writ of execution.

On April 20, 2007, Mr. Thompson filed a notice of appeal to this court. It challenged the magistrate judge's minute order granting the writ of execution and denying his request for a transfer to the Eastern District of Texas. On July 18, 2007, we dismissed the appeal for lack of jurisdiction. Our order stated as follows:

> On March 20, 2007, a United States magistrate judge entered a minute order granting Plaintiff United States' application for post-judgment writ of execution and denying Defendant's motion to transfer the matter to the United States District Court for the Eastern District of Texas. Defendant appeals.
>
> Except for proceedings conducted by a magistrate judge upon designation by a district court and consent of the parties pursuant [to] 28 U.S.C. § 636(c), decisions rendered by a magistrate judge are not final or immediately appealable. "[W]e have consistently recognized that '[a] magistrate exercising "additional duties" jurisdiction

remains constantly subject to the inherent supervisory power of the district judge and the judge retains the "ultimate responsibility for decision making in every instance.["]'" *Colorado Bldg. & Const. Trades Council v. B. B. Andersen Const. Co*, 879 F.2d 809, 811 (10th Cir. 1989). *Accord Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

In the underlying action, the parties did not consent to final disposition by a magistrate judge under § 636(c). And consent to a magistrate judge's authority to act for the district court cannot be inferred because the parties were not notified of the need to consent or of the right to refuse such consent. *See Phillips v. Beierwaltes*, 466 F.3d 1217, 1221 (10th Cir. 2006).

Consequently, the magistrate judge's March 20, 2007[,] minute order does not constitute a final or immediately appealable decision under 28 U.S.C. § 1291 or under any recognized exception to the final judgment rule. This court lacks appellate jurisdiction.

The appeal is **DISMISSED.**

*Id.*, Doc. 82 at 1–2.

After dismissal of the appeal, Mr. Thompson filed in district court a petition for an injunction to prevent a levy against his property before the district court entered a final order. The magistrate judge filed a report and a recommendation that the injunction be denied. The district court overruled Mr. Thompson's objection to the report and recommendation and denied Mr. Thompson's petition for an injunction. From our review of the district-court record, however, it does not appear that the district judge has approved a writ of execution.

## II.   ANALYSIS

In our order on Mr. Thompson's prior appeal, we decided implicitly that a writ of execution is a dispositive matter. As we stated in *Lister*, 408 F.3d at 1312, "Because this was a dispositive matter, . . . the magistrate judge should have only issued a report and recommendation for a decision by the district court." Accordingly, the magistrate judge's order approving the writ of execution is not a final order appealable under 28 U.S.C. § 1291. It does not have the force of law but is, at most, a recommendation to the district judge.

In any event, Mr. Thompson's opening brief makes clear that his only issue on appeal is the propriety of the district judge's denial of his petition for an injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review that denial. We are sympathetic to Mr. Thompson's concern that action may be taken against his property under a writ of execution that has not been ordered by a district judge and is therefore unappealable. But an injunction in the present circumstances would be inappropriate. An injunction issued by a court to restrict its own actions makes little sense. Because we see no purpose in a district-court injunction ordering the district court to obey the law, we AFFIRM the denial of Mr. Thompson's petition for an injunction. We GRANT Mr. Thompson's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-