FILED
United States Court of Appeals
Tenth Circuit

September 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. STALLINGS,

    Plaintiff - Appellant,

v.

GOVERNOR BILL RITTER, JR.;
ARISTEDES W. ZAVARAS, Ex. Dir;
MICHAEL E. ARELLANO, Warden;
BETH KLINGENSMITH, Provider;
ROBERT CHAPMAN, CPT;
LABAZZETTA, L.T.; PAULA
FRANTZ, M.D.; RITA FRITZ, SGT;
WINGARD, CO; and J. LARIMORE,
CPT, all individually and in their
official capacities.

No. 09-1175
(D. Colo.)
(D.C. No. 1:08-CV-00033-CMA-KLM)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation --
(unpublished). 10th Cir. R. 32.1(A).

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Robert E. Stallings, a former state prisoner appearing pro se,[1] appeals from the magistrate judge's post-judgment order denying his motion for an extension of time to respond to the magistrate judge's earlier order partially converting Defendants' motion to dismiss into a motion for summary judgment. We dismiss this appeal for lack of jurisdiction and deny Stallings' motion to proceed *in forma pauperis* (*ifp*).

## I. BACKGROUND

On January 7, 2008, Stallings filed a pro se complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 against ten individuals alleging his rights under the First and Eighth Amendments were violated when prison officials failed to provide him with a vegan kosher diet, pressured him to change his religious beliefs, harassed him due to his religious beliefs and denied him corrective hip surgery. Defendants filed a motion to dismiss arguing, *inter alia*, Stallings' first three claims should be dismissed because he failed to exhaust his administrative remedies.

On July 31, 2008, the magistrate judge entered an order converting Defendants' motion to dismiss into a motion for summary judgment solely as to

---

[1] We liberally construe Stallings' pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

-2-

the issue of exhaustion of administrative remedies. The judge granted the parties ten days to submit additional materials outside the pleadings pertaining to the issue of exhaustion. Stallings submitted sixty-seven pages of additional materials.

On August 22, 2008, the magistrate judge issued a report and recommendation (R&R). It suggested Stallings' first, second and third claims be dismissed without prejudice for failure to exhaust administrative remedies.[2] Stallings filed an objection to the R&R on September 2, 2008. On November 14, 2008, the district court adopted the R&R over his objection. Judgment was entered in favor of Defendants on November 17, 2008. He did not appeal.

On April 2, 2009, Stallings filed a "motion to request extension of time" seeking "an order extending the time to respond to the court's order entered July 31, 2008." (R. Vol. I at 283.) On April 3, 2009, the magistrate judge denied his request. The judge explained: "[Stallings] was incarcerated at the time of the July 31 order and at the time of the August 14 deadline to respond. His subsequent alleged release, homelessness, and mental and physical problems do not state good cause for extension of a deadline he was required to meet *before* his release." (*Id.* at 286.) On April 22, 2009, Stallings filed a notice of appeal.

---

[2] The judge also recommended Stallings' fourth claim for relief be dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

A. <u>Jurisdiction</u>

In both his notice of appeal and his opening brief, Stallings states he is appealing from the magistrate judge's order, dated April 3, 2009, denying his motion for an extension of time.[3] Before we consider the merits of Stallings' appeal, we must examine our own jurisdiction. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) ("[W]e have an independent duty to examine our own jurisdiction."). We must determine whether the magistrate judge's April 3, 2009 order is final and appealable for purposes of 28 U.S.C. § 1291, which provides in pertinent part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."[4]

A party can generally appeal from a post-judgment order entered by the district court if it is final and otherwise unreviewable. *See, e.g., Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1473-74 (10th Cir. 1993) (denial of post-judgment

---

[3] Though we ultimately do not reach the issue, it is hard to imagine how Stallings' motion for an extension of time to respond to an order entered months prior is a cognizable post-judgment motion, particularly in light of intervening events – the magistrate's R&R, Stallings' opposition to it and the court's adoption of it. *See* Fed. R. Civ. P. 60 (stating the various grounds for relief from a judgment or order).

[4] Defendants state they do not contest this Court's jurisdiction to review the magistrate judge's order pursuant to 28 U.S.C. § 1291 This does not resolve the matter as "[j]urisdiction cannot be conferred by consent nor waived by inaction." *Demulso Corp. v. Tretolite Co.*, 74 F.2d 805, 807 (10th Cir. 1934).

motion to supplement the record was appealable because it finally decided a separately reviewable matter). However, the April 3, 2009 order was entered by the magistrate judge without review by the district court. "Federal magistrate judges are creatures of statute, and so is their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636." *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006) (quotations omitted). Where, as here, the parties did not consent to proceed before a magistrate judge, "the district court may designate a magistrate judge to consider various matters." *Id.* (quotations omitted). For nondispositive pretrial matters, the district court retains statutory power to review a magistrate judge's decision. *See* 28 U.S.C. § 636(b)(1)(A). A pretrial order entered by a magistrate judge that has not been reviewed by the district court is generally not an appealable order. *See Phillips*, 466 F.3d at 1222.

28 U.S.C. § 636 does not directly address a magistrate judge's authority to enter post-judgment motions. It does, however, authorize a district court to assign to a magistrate judge "such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3). It does not appear the magistrate judge was granted authority by the district court to enter a final decision on Stallings' motion for an extension of time. In any case, we have held that where a magistrate judge enters an order pursuant to

-5-

§ 636(b)(3), including a post-judgment order, the order remains under the supervision of the district court judge who "retains the ultimate responsibility for decision making in every instance." *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989) (quotations omitted).

Because the magistrate judge was not authorized to render a final appealable decision within the meaning of 28 U.S.C. § 1291, we are not empowered to address the merits of Stallings' appeal from the April 3, 2009 order until the district court has reviewed the magistrate judge's proposed ruling in favor of Defendants.

B.  Motion to Proceed *IFP*

Stallings filed a motion and affidavit for leave to proceed *ifp* on appeal. The district court denied this motion pursuant to 28 U.S.C. § 1915(a)(3) because it found "this appeal is not taken in good faith because [Stallings] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (*Id.* at 302.)  Stallings has filed a renewed motion to proceed *ifp* with this Court.

To proceed *ifp* on appeal "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).

-6-

We have reviewed Stallings' application to proceed *ifp*, his opening brief and the district court record and determined Stallings has filed an "action or appeal [that] . . . is frivolous . . . ."[5] *See* 28 U.S.C. § 1915(e)(2)(B)(i). We therefore **DENY** Stallings' motion to proceed *ifp*. He must immediately pay the filing fee in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve a party from the responsibility to pay the appellate filing fee). He shall be given credit for any payments previously made in this case.[6]

We **DISMISS** this appeal for lack of jurisdiction, **DENY** Stallings' motion to proceed *ifp* and **DENY** all other motions pending before this Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[5] In addition, we note Stallings' motion to proceed *ifp* contains a material misstatement of fact. In his motion, Stallings states he had an average balance of $0 in his prisoner trust account for the previous six months. The prison official refused to sign the certified trust account statement because Stallings did not have an average balance of $0. As reflected in the trust account statement attached to his motion, Stallings' balance ranged from $0 to $358.63.

[6] On May 27, 2009, the Clerk of this Court issued an Order directing Stallings to make partial payments towards the filing fee.