FILED
United States Court of Appeals
Tenth Circuit

September 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH HOLT,

        Plaintiff−Appellant,

v.

DR. KATHY MCBRIDE; JOICE
CHRUNK, (HMS); DR. JOSEPH
WERMERS,

        Defendant−Appellees.

No. 13-1084
(D.C. No. 1:11-CV-01615-PAB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.


Joseph Holt, a Colorado state prisoner proceeding pro se and in forma

pauperis, appeals the dismissal of his claim under 42 U.S.C. § 1983 alleging that

Joseph Wermers, a medical doctor at the San Carlos Correctional Facility

(San Carlos), was deliberately indifferent to his safety and medical needs. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Holt was originally housed at the Colorado Territorial Correctional Facility (CTCF). In October 2006 he was placed on a lower bunk restriction because of a diagnosis of idiopathic progressive polyneuropathy. In October 2007 he was transferred to San Carlos. Dr. Wermers lifted the lower bunk restriction in November 2009, writing: "Per ADA/Montez[1] no mobility or disability or necessary accommodations. Unable to justify continuation of lower bunk provided as temporary in 2006." R. at 23. Mr. Holt returned to CTCF in January 2010. In mid-March he fell from a top bunk and suffered a long, deep cut on the side of his head.

Mr. Holt sued under § 1983 for violation of his Eighth Amendment rights. He alleged that in light of "the large quantity of med[ications] [he] was taking at the time [the lower bunk restriction was discontinued] and his we[a]k physical condition," *id*. at 58, Dr. Wermers was deliberately indifferent to his safety and medical needs.[2] Mr. Holt alleged that the medications that he was taking for his various medical conditions, including his neuropathy, "enduce[d] sedation [] and heavy sleeping." *Id*. at 57.

---

[1]     "ADA" refers to the Americans with Disabilities Act. "Montez" refers to the ADA class-action suit filed by Colorado prisoners, Montez v. Owens, No. 92-CV-00870, which resulted in a "Remedial Plan" to bring Colorado's prison system into compliance with the ADA.

[2]     There were other defendants named in the suit but they have been dismissed. Mr. Holt does not appeal those orders. Also, Mr. Holt asserted a conspiracy claim against Dr. Wermers but does not challenge in his appellate briefs that portion of the district court's order dismissing the claim.

The magistrate judge recommended that Dr. Wermers's motion to dismiss be granted on the grounds of qualified immunity. After considering Mr. Holt's objections, the district court agreed that the motion should be granted but decided it was "unnecessary . . . to determine whether [Dr. Wermers] is entitled to qualified immunity" because Mr. Holt's amended complaint "does not allege sufficient facts to raise an Eighth Amendment claim." *Id*. at 188.

We review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded factual allegations must, when taken as true and viewed in the light most favorable to the plaintiff, state a claim for relief "'that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Because [Mr. Holt] is proceeding pro se, we liberally construe his filings." *Id*. at 1125.

On appeal Mr. Holt frames the issues as Dr. Wermers's "fail[ure] to investigate enough to make a[n] informed judgment to justify taking me off the bottom bunk," Aplt. Opening Br. at 2, and a "[d]eliberate indifference to serious medical needs," *id*. at 3. In light of Mr. Holt's pro se status, we construe his arguments broadly to include both the failure to ensure his safety and the failure to provide adequate medical care.

The Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable

measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). For a prison official's action to violate the Eighth Amendment, two requirements must be met. First, the inmate must be deprived of a serious need. *See id.* at 834 ("[T]he deprivation alleged must be, objectively, sufficiently serious . . . [and] result in the denial of the minimal civilized measure of life's necessities." (citations and internal quotation marks omitted)). Second, the official must act with deliberate indifference to the inmate's health or safety. *See id.* A prison official acts with deliberate indifference when that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "An official's failure to alleviate a significant risk of [serious harm] of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

We agree with the district court that Mr. Holt alleged sufficient facts to show a risk of serious bodily harm by pleading that his medications "enduce[d] sedation[] and heavy sleeping," R. at 57, and he could fall from the top bunk. But his claim fails for lack of pleading any knowledge on the part of Dr. Wermers that he was aware of any such risk. To the contrary, Mr. Holt argued in his objections to the magistrate judge's recommendation that Dr. Wermers removed the lower bunk

restriction "without conducting an[] interview or consulting with [him] to make sure he had mentally and physically adapted to the various drugs he had been prescribed in a positive manner." *Id*. at 170. This undercuts any argument that Dr. Wermers knew about the side effects of the medications and thus any risk of harm to Mr. Holt.

To the extent that the amended complaint can be read to attempt to state a claim for a failure to provide adequate medical care, that claim also fails. As stated previously, deliberate indifference to a serious medical need involves both an objective and subjective component. *See Farmer*, 511 U.S. at 834. The objective component is met if the deprivation is "sufficiently serious." *Id*. "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). The subjective component is met if a prison official knows of and disregards an excessive risk to an inmate's serious medical needs. *See Farmer*, 511 U.S. at 837.

We acknowledge that Mr. Holt's allegations that he was being treated for neuropathy and an HIV infection establishes the existence of a serious medical condition. But there are no allegations that prison medical staff failed to treat his medical conditions. And even if the decision to lift the lower bunk restriction could be considered a medical decision, there is no evidence that Dr. Wermers knew about the side effects that Mr. Holt suffered from the medications. More to the point,

Dr. Wermers's alleged failure to determine the side effects does not give rise to an Eighth Amendment claim. *See Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) ("[N]egligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (internal quotation marks omitted)).

The judgment of the district court is affirmed. Mr. Holt's motion for injunction pending appeal is denied as moot. We also deny Mr. Holt's motion to obtain photographs and to appoint counsel. Mr. Holt's motion to proceed in forma pauperis is granted and he is reminded of his obligation to make partial payments until the appellate filing fee has been paid in full.

Entered for the Court

Harris L Hartz
Circuit Judge