**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GERALD SENSABAUGH,

      Plaintiff–Appellant,

v.

JOHN HICKENLOOPER,

      Defendant–Appellee.

No. 13-1217

(D.C. No. 1:12-CV-02619-BNB)

(D. Colo.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Plaintiff, a pro se state prisoner, filed a complaint under 42 U.S.C. § 1983 alleging that prison officials are violating his constitutional rights by failing to comply with a special master's order entered in 2006 in the case of *Montez v. Hickenlooper*, No. 92-cv-00870-CMA-OES. The magistrate judge issued an order directing Plaintiff to file an amended complaint to cure certain deficiencies in the complaint. Plaintiff did so, but the magistrate judge concluded that the amended complaint was likewise deficient. The magistrate judge gave Plaintiff one final opportunity to cure the deficiencies by filing a second amended complaint. However, rather than filing a second amended complaint, Plaintiff filed this appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This court issued an order directing Plaintiff to show cause why the appeal should not be dismissed for lack of jurisdiction and advising him he could file a new appeal after entry of a final judgment by the district court. The district court thereafter issued an order dismissing the action based on Plaintiff's failure to file a second amended complaint. However, Plaintiff did not file a notice of appeal to appeal the district court's order of dismissal. Nor did his subsequent response to the show cause order refer to the district court's dismissal order. Rather, he simply "request[ed] the appeals court to order the district court to get on with it" ("Motion to Respond to Court[']s Order of 5-16-13" at 3 (capitalization standardized)) and "to move forward with the case at the bar and stop friviolous [sic] delay tactics" (*id.* at 1 (capitalization standardized)).[1]

We conclude we lack jurisdiction to review Plaintiff's appeal because the order he appealed, the magistrate judge's order, was not a final order, *see Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006), and Plaintiff failed to file a notice of appeal following the district court's final order of dismissal. The only document Plaintiff filed within the thirty-day period for appealing this decision was his response to our show cause order, which did not refer to the district court's order and cannot reasonably be construed as a notice of appeal from that decision. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) ("[W]hen papers are technically at variance with the letter of Rule 3, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the

---

[1] Although the district court's dismissal order was issued before Plaintiff filed his response, it is not clear whether Plaintiff was aware of the dismissal when he responded.

functional equivalent of what the rule requires. This principle of liberal construction does not, however, excuse noncompliance with the rule." (internal quotation marks, citations, and alterations omitted)).

For the foregoing reasons, we **DISMISS** the appeal for lack of appellate jurisdiction. To the extent Plaintiff's response to our show cause order can be construed as a request for a writ of mandamus to require the district court to proceed with the litigation, we **DENY** it as moot. We **GRANT** Plaintiff's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge