**UNITED STATES COURT OF APPEALS**

**June 18, 2014**

**TENTH CIRCUIT**

ROBERT MICHAEL SHAGOURY,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA
(Drug Enforcement Administration)
(Michele M. Leonhart),

    Defendant - Appellee.

No. 14-2022
(D.C. No. 1:14-CV-00031-SWS-KBM)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

Proceeding pro se,[1] Robert Shagoury appeals from the district court's

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]    Because Mr. Shagoury is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

dismissal of his complaint. Mr. Shagoury has also filed a motion to proceed *in forma pauperis* ("IFP") on appeal and a document styled as a "motion to restrain the Appellee and/or persons working with the Appellee, from harming the Appellant and/or his family, physically, psychologically, financially, judicially, accidentally or mysteriously and/or any other form of harm" (henceforth, "motion to restrain"). For the reasons that follow, the district court's judgment is **affirmed** and the two pending motions are **denied**.

**I**

On January 9, 2014, Mr. Shagoury filed a one-page complaint in the District of New Mexico. The complaint was captioned "Robert Michael Shagoury v. The United States of America (Drug Enforcement Administration) (Michele M. Leonhart)." R. at 3 (Compl., filed Jan. 9, 2014). Mr. Shagoury alleged in the complaint that the United States was trying to kill and injure him. With his complaint, Mr. Shagoury filed an application to proceed IFP.

The district court screened the complaint pursuant to 28 U.S.C. § 1915. In so doing, the district court dismissed the complaint without prejudice for lack of subject-matter jurisdiction. The district court reasoned that the complaint was "completely devoid of factual allegations" and contained no averments "showing waiver of the United States' sovereign immunity." *Id.* at 18 (Mem. Op. & Order, filed Feb. 4, 2014). In the signature block of the district court order, a magistrate judge signed her name in pen, indicating that she was signing "for" a district

2

court judge, whose name was type-written below. *Id.* at 19. The "final order" that later issued included the same notations. According to the district court docket, the order was "by" the district judge and was "entered at his direction by" the magistrate. Mr. Shagoury filed a timely notice of appeal.

## II

The discussion will proceed in three parts. First, we will explain why we have jurisdiction over the appeal. Second, we will discuss why the district court's judgment should be affirmed. Third, we will address the two pending motions and conclude that both must be denied.

## A

Although no party challenges our jurisdiction, we must sua sponte assure ourselves that we have the power to decide the appeal, if a "potential jurisdictional problem" is present in the case. *Smith v. Rail Link, Inc.*, 697 F.3d 1304, 1312–13 (10th Cir. 2012). As noted above, the order and final order in the district court dismissing the complaint were signed by a magistrate at the direction of a district court judge who did not himself sign the orders. Unless the parties consent, a magistrate judge may not issue a final, appealable order on behalf of the district court. *See Phillips v. Beierwaltes*, 466 F.3d 1217, 1221–22 (10th Cir. 2006); *Andrews v. Town of Skiatook*, 123 F.3d 1327, 1328 n.2 (10th

3

Cir. 1997).  There is no indication that the parties[2] consented to a magistrate

judge's jurisdiction in this case.  Therefore, we only have jurisdiction over the

appeal if we can properly conclude that the district court judge rendered the

decision to dismiss, even though the magistrate judge signed the orders on his

behalf.  We can do so.

Unlike the Federal Rules of Criminal Procedure, the Federal Rules of Civil

Procedure contain no requirement that district court judges sign judgments.

*Compare* Fed. R. Crim. P. 32(k)(1) ("The judge must sign the judgment, and the

clerk must enter it."), *with* Fed. R. Civ. P. 58(b)(1)(C) ("[U]nless the court orders

otherwise, the clerk must, without awaiting the court's direction, promptly

prepare, sign, and enter the judgment when . . . the court denies all relief."), *and*

Fed. R. Civ. P. 54 (setting forth the requirements for judgments in civil matters

and not mentioning a signature by the district court judge).  We held in 1939 that

in civil cases "it is not necessary for the court to sign a formal written judgment."

*W. Union Tel. Co. v. Dismang*, 106 F.2d 362, 363 (10th Cir. 1939).  While

*Dismang* obviously interpreted a much older version of the Rules, they have not

changed in this regard and we have never overruled the opinion.  Accordingly,

even though the better practice is surely for a district court judge to sign his or

---

[2]     A summons was issued to the United States but the complaint was dismissed before it was returned.  The United States therefore did not appear in the district court, nor has it appeared here.

4

her own orders, we do have jurisdiction over the appeal.

**B**

Mr. Shagoury presents only two intelligible arguments that are responsive to the district court's sovereign-immunity analysis. Neither is availing.

First, Mr. Shagoury suggests that the district court's sovereign-immunity analysis was erroneous because the named defendants "used persons working with them and/or contracted persons to poison the Appellant." Aplt. Opening Br. at 1. He offers no authority for this proposition, and no explanation beyond this bare sentence. As a result, the argument is inadequately presented to warrant reversal. *See United States v. Williamson*, 746 F.3d 987, 993 (10th Cir. 2014) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (alteration in original) (internal quotation marks omitted)); *see also James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) ("Because [the plaintiff] is pro se, we liberally construe his filings, but we will not act as his advocate.").

Second, Mr. Shagoury contends that under Supreme Court precedent "Congress may organize 'sue and be sued' agencies" and "such [an] agenc[y] may be sued in any Court of otherwise competent jurisdiction as if it were a private litigant as long as the agency is to pay out the judgment from its own budget, not from the U.S. Treasury." Aplt. Opening Br. at 2. Mr. Shagoury did not articulate this theory to the district court and does not argue plain error on appeal. The

5

theory is therefore forfeited.  *See United States v. MacKay*, 715 F.3d 807, 831 (10th Cir. 2013) ("In this Circuit, the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court." (omission in original) (internal quotation marks omitted)), *cert. denied*, --- U.S. ----, 134 S. Ct. 1275 (2014); *cf. Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1 v. City of Guthrie*, 654 F.3d 1058, 1068 (10th Cir. 2011) (noting that sovereign immunity is jurisdictional); *McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1102 (10th Cir. 2011) (requiring plaintiffs to plead sufficient facts to establish jurisdiction).

Apart from the forfeiture, the authority Mr. Shagoury relies on for this point—*Federal Housing Administration v. Burr*, 309 U.S. 242 (1940)—is unavailing.  As it applies here, that case only stands for the proposition that the federal government *can* waive its sovereign immunity by subjecting its agencies to suit.  *See Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1263 (10th Cir. 2003) (discussing *Burr*); *accord FDIC v. Hulsey*, 22 F.3d 1472, 1480 (10th Cir. 1994).  The only agency named by Mr. Shagoury was the Drug Enforcement Administration and Mr. Shagoury offers no reason to suppose that the federal government has waived the sovereign immunity that would otherwise attach to this agency.  *Cf. Sarit v. DEA*, 987 F.2d 10, 16 (1st Cir. 1993) (finding no jurisdiction over a suit against the Drug Enforcement Administration because sovereign immunity had not been waived).  As a consequence, he is not entitled to

6

reversal.

**C**

Mr. Shagoury has filed a motion to proceed IFP on appeal. As demonstrated above, he has no "reasoned, nonfrivolous argument on the law and facts," *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), and his motion to proceed IFP is therefore denied.

**D**

Mr. Shagoury's "motion to restrain," filed April 11, 2014, reiterates various allegations regarding the harm that the defendants are supposedly inflicting on him. In view of our affirmance of the district court's judgment, the "motion to restrain" is denied as moot. *Cf. Holt v. McBride*, 539 F. App'x 863, 866 (10th Cir. 2013) ("The judgment of the district court is affirmed. [The plaintiff's] motion for injunction pending appeal is denied as moot."); *Doyle v. Archuleta*, 370 F. App'x 934, 937 (10th Cir. 2010) (dismissing an appeal and denying a motion for an injunction as moot).

**III**

For the reasons set forth above, we **AFFIRM** the district court's judgment,

**DENY** Mr. Shagoury's request to proceed IFP, and **DENY** Mr. Shagoury's "motion to restrain."

Entered for the Court


JEROME A. HOLMES
Circuit Judge