**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

FIRST UNION MORTGAGE
CORPORATION,

      Plaintiff-Appellee,

v.

GALEN J. SMITH,

      Defendant-Appellant,

and

GEORGE O. HELS; SHIRLEY E.
HELS, his wife; PATRICK J.
LACKEY; MONICA R. LACKEY, his
wife; ELISA MCDOWELL; JACK T.
MCDOWELL, husband and wife,

      Defendants.

No. 99-2238

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## (D.C. No. CIV-99-389-SC/LCS)

---

Submitted on the briefs:    *

---

   *      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

(continued...)

Kim A. Griffith and Timothy M. Sheehan of Sheehan, Sheehan & Stelzner, P.A., Albuquerque, New Mexico, for Plaintiff-Appellee.

Galen J. Smith, pro se.

———————

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

———————

**KELLY** , Circuit Judge.

———————

Defendant Galen J. Smith removed this action from state court to federal court, and a magistrate judge then sua sponte ordered the case remanded to state court. The question presented in this appeal is whether the magistrate judge had the authority or jurisdiction to do so. Because the remand order disposed of the case as it existed in federal court, we conclude that he did not. We therefore reverse the district court's order denying reconsideration of the magistrate judge's order and remand the case to the district court for further proceedings.

In February 1999, plaintiff First Union Mortgage Corporation filed a foreclosure action against Smith and others in a New Mexico state court. Proceeding pro se, Smith filed his notice of removal to the United States District

———————

[*](...continued)
The case is therefore ordered submitted without oral argument.

-2-

Court for the District of New Mexico on April 5, 1999, citing as his basis for removal 28 U.S.C. § 1443(1). The matter was referred to a magistrate judge, and on April 8, the magistrate judge sua sponte issued a memorandum opinion and order remanding the case to state court on the basis of lack of subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332(a).

On April 13, Smith filed a notice stating that he refused to consent to proceeding before a magistrate judge, and on April 19, he filed a motion for reconsideration of the magistrate judge's remand order. In his motion, Smith contended that because the remand order was a dispositive ruling, the magistrate judge lacked the authority to enter it. He also argued that even if the magistrate judge had the authority, the remand was improper because the order ignored his stated basis for removal, § 1443(1). On June 25, the district judge denied the motion for reconsideration without explanation. Smith then filed a timely notice of appeal indicating he is appealing both the magistrate judge's remand order and the district court's denial of his motion for reconsideration. Alternatively, he requests that we treat his appeal as a petition for a writ of mandamus if we determine that there is no final decision from the district court on which to base jurisdiction under 28 U.S.C. § 1291.

We first consider our appellate jurisdiction, an issue made more interesting than normal by some unusual wrinkles in this case. The magistrate judge

-3-

remanded the case because of lack of subject matter jurisdiction, and ordinarily such remands are not reviewable on appeal. *See* 28 U.S.C. § 1447(d); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995). Section 1447(d), however, contains an exception to the prohibition on review for cases removed pursuant to § 1443, as this one was. There is therefore no affirmative bar to our review of the remand order. *See Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990).

The next question is whether there is a final decision on which to base jurisdiction under 28 U.S.C. § 1291. A remand order puts the litigants "'effectively out of court,'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 11 n.11 (1983)), and is reviewable both as a final decision and under the collateral order doctrine, *see id.* at 712-15. However, because we conclude the magistrate judge did not have authority to order the remand, the magistrate judge's order is not even a "final" remand order. Thus, we must look to the district court's order denying reconsideration to see whether there is a final decision for jurisdictional purposes.

Arguably, an order denying reconsideration of a nonfinal order would not itself be a final order. *Cf. Aerosource, Inc. v. Slater*, 142 F.3d 572, 579 (3d Cir. 1998). Here, however, the sole purpose and effect of the district court's order

-4-

was to end the litigation in federal court. In this sense, the court's denial of reconsideration, which it obviously had jurisdiction to do, was as final a decision as if it had issued the remand order itself. We therefore conclude the court's order was a final decision for purposes of § 1291 and that we have appellate jurisdiction. Moreover, even were we to find we lacked appellate jurisdiction, we would take Smith's alternative suggestion that we exercise mandamus jurisdiction. As is evident below, we would reach the same result through that route. *See Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir. 1995) (mandamus is appropriate remedy "where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power") (quotation omitted). We can now turn to the merits of the appeal.

"[F]ederal magistrate[ judges] are creatures of statute, and so is their jurisdiction." *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir. 1994). Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988). As applicable here where the parties did not consent to proceeding before the magistrate judge, *see* § 636(c)(1), the district court may designate a magistrate judge to consider various matters. *See* § 636(b). These

matters are generally categorized as "dispositive" or "non-dispositive," *cf. United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72, and a magistrate judge's authority with respect to each category is different:

> Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* § 636(b)(1)(B), (C).

*Ocelot Oil*, 847 F.2d at 1461-62. Section 636(b)(1)(A) lists eight dispositive matters for which the magistrate judge's authority is limited, but this list is not exhaustive. "[M]otions not designated on their face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have an identical effect." *Ocelot Oil*, 847 F.2d at 1462. The question here is whether the remand order should be considered dispositive or non-dispositive.

The magistrate judge's memorandum opinion and order make it clear that he thought a remand order was non-dispositive and that he had jurisdiction to issue it:

> Even if the parties do not consent to his assuming jurisdiction, a federal magistrate judge may *sua sponte* order remand of a case if he determines that federal jurisdiction is lacking. *Haggard v. CCC Autobody, Inc.*, CIV. 98-1038 (D. N.M. Oct. 23, 1998). Accordingly, IT IS ORDERED that this case be remanded to the Second Judicial District Court for the County of Bernalillo, State of New Mexico.

R. Doc. 2 at 3. The district court apparently thought the same thing; it did not issue a separate remand order or any order other than the one denying the motion for reconsideration.

Courts are split on whether a remand order is dispositive or non-dispositive for purposes of a magistrate judge's authority. A number of district courts have held that it is a non-dispositive order. *See, e.g.*, *Vogel v. U.S. Office Prod., Co.*, 56 F. Supp. 2d 859, 863-64 (W.D. Mich. 1999); *Delta Dental v. Blue Cross & Blue Shield*, 942 F. Supp. 740, 744-45 (D. R.I. 1996); *see also Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11, 12-13 (1st Cir. 1992) (noting split in authority, but not deciding issue); *cf. In Re Lowe*, 102 F.3d 731, 732-33 (4th Cir. 1996) (treating magistrate judge's remand order as order of district court, without discussion of magistrate judge's authority). These courts generally find the order non-dispositive because it "does not address the substance of a party's claims or defenses," and "effects no determination of the merits of the case." *Vogel*, 56 F. Supp. 2d at 863; *see also Delta Dental*, 942 F. Supp. at 745.

We realize that a remand order is "not dispositive of a claim or defense of a party," Rule 72(a). We do not believe, however, that "dispositive" can be limited to a party's claims and defenses without running into Article III concerns. Section 636 and Rule 72 must be read, where possible, so as to avoid constitutional problems, and "[t]he Constitution requires that Article III judges

-7-

exercise final decisionmaking authority." *Ocelot Oil*, 847 F.2d at 1463. A remand order is a final decision in the sense that it is "dispositive of all the claims and defenses in the case as it banishes the entire case from the federal court." *In Re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). It is thus very similar in effect to an involuntary dismissal--an action a magistrate judge may not take under § 636(B)(1)(A)--for lack of subject matter jurisdiction. There is no claim preclusion effect, and the claims may be pursued in state court. As the Third Circuit explained:

> It is clear that 28 U.S.C. § 636(b)(1)(A) does not in terms preclude a magistrate judge from hearing and determining a motion to remand a case to a state court. Nevertheless, because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purposes of that section. While we recognize that after a remand a case may go forward in the state court, still the order for remand conclusively terminates the matter in the federal court against the will of the party who removed the case.

> . . . .

> We do not think that anyone would argue seriously that a magistrate judge, without consent of the parties, could hear and determine a motion to dismiss the federal action, predicated on an absence of subject matter jurisdiction, on the theory that the motion is nondispositive because a parallel action is pending in the state court. Yet in a practical sense an order of remand predicated on a lack of subject matter jurisdiction is no less dispositive than an order of dismissal in the circumstances we describe as both orders have the exact same effect by permitting the case to proceed in the state rather than the federal court. In sum, we believe that even if it could do so, Congress never intended to vest the power in a non-Article III

-8-

judge to determine the fundamental question of whether a case could proceed in a federal court.

*Id.* at 145-46 (footnote omitted).

We agree with the Third Circuit--the only other circuit to have expressly addressed the issue--that a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny. That means that a magistrate judge may recommend a remand "'so long as the ultimate decision is made by the district court.'" *Ocelot Oil* , 847 F.2d at 1463 (quoting *Raddatz* , 447 U.S. at 683).

Thus, the magistrate judge here had authority to recommend the case be remanded to state court, but he did not have authority to order it himself. When Smith objected to the magistrate judge's order through his motion for reconsideration, the district court was obligated to make a de novo determination of the basis for the order. *See id.* at 1462. Because the court viewed the remand as a non-dispositive matter, it ostensibly limited its review to the "clearly erroneous or contrary to law" standard. *See id.* ; § 636(b)(1)(A). As we noted in *Ocelot Oil* , the difference between these two types of review is "significant." *See* 847 F.2d at 1464. Moreover, the court erred in its consideration of the two key issues Smith raised in his motion for reconsideration: the magistrate judge's lack of authority to issue the remand order, and the fact that the remand order failed to

consider § 1443 as the basis for the removal.  We express no opinion on whether the removal was proper under § 1443.

Because the magistrate judge lacked the authority to issue the remand order, and the district court did not make an independent determination of the basis for the order in light of Smith's challenges, we REVERSE the district court's denial of Smith's motion for reconsideration, and REMAND the case to the district court with directions to vacate the magistrate judge's remand order and for further proceedings not inconsistent with this opinion.