**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAN YATES,

Plaintiff-Appellant,

v.

ANGELA ARKIN, in her individual
and official capacities; DORIS
TRUHLAR, an individual; TRUHLAR
AND TRUHLAR, L.L.C., a Colorado
Law Firm; ELODE BRODBECK,
an individual; CHILD AND FAMILY
CENTER, INC., a Colorado
corporation; CLAIRE PURCELL, in
her individual and official capacities;
LOUISE YATES, an individual;
DOUGLAS COUNTY, a municipality;
MARY J. MULLARKEY, Justice, in
her official capacity,

Defendants-Appellees.

No. 06-1378
(D.C. No. 06-CV-00089-WDM-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Dan Yates filed suit in federal district court alleging various violations of his civil rights arising out of prior state court proceedings. The case was assigned to District Judge Walker D. Miller, who in turn referred the matter to a magistrate judge pursuant to 28 U.S.C. § 636(b). Rather than pursue the merits of his cause, from the outset Mr. Yates curiously chose to litigate the magistrate judge's authority. First, in a filing entitled, "Notice of Correction Re: Order of Reference to Magistrate Judge," he alleged that the district court improperly delegated its authority to the magistrate judge. Aplt. App. at 20. Later, he registered his dissatisfaction in response to a motion to dismiss, arguing that the magistrate judge had no authority over his case. Then, after filing three separate motions, each of which the magistrate judge denied as frivolous, Mr. Yates failed to appear at a pretrial hearing, instead faxing to the court a document entitled, "Plaintiff's Reservation of Rights Pursuant to Article III." *Id.* at 323. In this paper, Mr. Yates accused the magistrate judge of derogating federal law by scheduling the hearing and issuing orders interfering with how he wished to pursue this litigation.

When Mr. Yates failed to appear at the pretrial hearing, the magistrate judge ordered him to show cause why the case should not be dismissed for failure to prosecute and obey court orders. Rather than respond to the magistrate judge's directive, Mr. Yates lodged with the district court a document styled, "Appeal to

Judge Walker D. Miller For Order to Show Cause Why Magistrate Boyd N. Boland Should Continue to Act Outside the Limited Authority Conferred by 28 U.S.C. § 636." R., Doc. 91 at 1. In this filing, Mr. Yates accused the district court of "willful maladministration" for permitting the magistrate judge to exercise judicial authority without being a judicial officer. *Id.* at 2. In light of Mr. Yates's failure to respond to the show-cause order, the magistrate judge recommended to the district court that the case be dismissed with prejudice.

The district judge accepted the bulk of the magistrate judge's report, but modified the recommended remedy to dismissal of the case without prejudice. Focusing on the magistrate judge's analysis under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the district court agreed that dismissal with prejudice was permissible, but decided that dismissal without prejudice was more appropriate. In arriving at this conclusion, the district judge found that Mr. Yates filed frivolous documents, at times invoking irrelevant portions of the Magistrate Act, 28 U.S.C. § 636; failed to appear at the pretrial hearing; and repeatedly challenged the magistrate judge's authority. Although the district court declined to find that Mr. Yates failed to prosecute the case, the court agreed that Mr. Yates repeatedly failed to obey lawful orders. In response, Mr. Yates filed this appeal.

Pointing out that Judge Miller was assigned to his case after another judge was stricken from the district court's case assignment sheet, Mr. Yates first asserts that he was denied neutral case assignment. Because this argument was

not raised below, we may review it only for the presence of plain error. Plain error is (i) error, (ii) that is plain, which (iii) affects substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

We perceive no error at all. District courts have broad discretion to assign cases to particular judges. *United States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir. 2000). Indeed, we have observed that some courts grant parties neither the right to a particular judge nor the right to random assignment. *Id.* Here, the record shows only that another judge's name was stricken from the case assignment sheet and Judge Miller's added. The record reflects no indication of impropriety, and Mr. Yates supplies no evidence or argument remotely suggesting anything untoward took place; accordingly, we discern no abuse of the discretion vested in the district court in ordering its own affairs.[1]

---

[1] Mr. Yates attempts to cure this defect in his appellate papers with a recently filed "Motion for Action of the Judicial Council and for Immediate Remand to Judge Richard P. Matsch." Mr. Yates presses that the district court's case assignment procedure by random computer draw selected Judge Matsch to hear the underlying action and asks us to infer malfeasance by the district court clerk in the reassignment of this matter to Judge Miller and in its subsequent assignment to Judge Miller on April 26, 2007, of a new matter filed on behalf of Mr. Yates. However, the very affidavits supporting his motion identify that the clerk informed Mr. Yates that Judge Matsch exercised his permissible discretionary authority as a senior judge to reject the assignment. *See* D.C. Colo. LCivR. 40.1B. Mr. Yates asserts that we must infer foul play because the clerk's

(continued...)

Mr. Yates next contends the show-cause order was, in effect, a sanction of dismissal, something which, he submits, magistrate judges may not lawfully issue. It is certainly true that "[f]ederal magistrate judges are creatures of statute, and so is their jurisdiction." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (alterations and quotation omitted). It is also true that where, as here, the parties do not consent to proceedings before a magistrate judge, the district court may nonetheless designate a magistrate judge to consider certain delimited matters – and that expressly excluded from such matters are orders dismissing an action involuntarily. *See* 28 U.S.C. § 636; *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).

The problem with Mr. Yates's argument is that the magistrate judge in this case acted in full accord with all of the relevant statutory markers. Here, the district judge designated the magistrate judge to conduct pretrial proceedings and

[1](...continued)
alleged explanation of Judge Matsch's denial of the assignment – that Judge Matsch was "not accepting *pro se* cases" – is untenable in light of the absence of a blanket chambers policy rejecting all *pro se* filings at all times. We find no contradiction here because the absence of blanket policy does not demand a judge to accept all *pro se* cases; indeed, a senior judge could wish to seek balance in his or her docket and accomplish this end by presiding over a limited number of *pro se* cases at any given time. Mr. Yates's remaining argument on this score also lacks merit because district court rules provide that where a *pro se* plaintiff had a case terminated within 12 months of filing a new matter, that new matter "shall be" assigned to the judge who presided over the terminated case; thus we see no error in the April 26, 2007, assignment to Judge Miller. *See* D.C. Colo. LCivR. 40.1C.

submit proposed findings of fact and recommendations for rulings on dispositive motions – something entirely consistent with the statutory scheme. When Mr. Yates failed to appear at the pretrial hearing, the magistrate judge ordered him to show cause why his case should not be dismissed; this order was not a sanction of dismissal, but an opportunity for Mr. Yates to explain his behavior. When Mr. Yates opted to forgo that opportunity by addressing his response directly to the district judge, the magistrate judge recommended to the district judge under Section 636(b) that the case be dismissed with prejudice. The magistrate judge did not dismiss Mr. Yates's case – rather, the district court did – and thus at no time did the magistrate judge exceed his lawful authority.[2]

Mr. Yates next argues that, however this may be, the district judge still failed to review the magistrate judge's dismissal recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The record does not support this allegation either. Indeed, the district judge expressly stated that he had "reviewed *de novo* the pertinent portions of the record," including Mr. Yates's charge that

---

[2]   Mr. Yates similarly charges that the magistrate judge issued a finding of contempt beyond his statutory authority. But the magistrate judge simply did nothing of the sort; neither a show-cause order nor a recommendation of dismissal is a finding of contempt.

the magistrate had exceeded his authority, R., Doc. 119 at 1, and we are directed

to nothing in the record causing us to doubt this representation.

Lastly, Mr. Yates contends that the district court's local civil rule 41.1 is

void because it conflicts with Fed. R. Civ. P. 41(b).  Local civil rule 41.1 of the

United States District Court of Colorado permits a "judicial officer" (including a

magistrate judge, *see* D.C. Colo. LCivR. 1.1F), to issue an order to show cause

why a case should not be dismissed for failure to comply with court orders, and it

authorizes a district judge to dismiss the case if good cause is not shown:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or any
> court order.  If good cause is not shown within the time set in the
> show cause order, a district judge or a magistrate judge exercising
> consent jurisdiction may enter an order of dismissal with or without
> prejudice.

D.C. Colo. LCivR. 41.1.  Meanwhile, Fed. R. Civ. P. 41(b) provides that "a

defendant may move for dismissal of an action" if the plaintiff fails to prosecute a

case or comply with court orders.

Mr. Yates argues that the district court's local rule permitting the court to

*sua sponte* dismiss a case conflicts with Fed. R. Civ. P. 41(b) because the latter

speaks only of a defendant's motion for dismissal.  This argument has no merit

for the two provisions are complementary, not contradictory; indeed, our

precedent interprets Fed R. Civ. P. 41(b) as impliedly bestowing the district court

with the authority directly conferred by D.C. Colo. LCivR. 41.1 challenged by

Mr. Yates here. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Mr. Yates did not show good cause – or really any legally cognizable cause at all – why he failed to appear at the motions hearing, refused to acknowledge the magistrate judge's jurisdiction, and consistently disregarded the court's orders. The district court's decision to dismiss the case *sua sponte* under these circumstances comports completely with the authority afforded to it.

The judgment of the district court is affirmed and all outstanding motions are denied as moot.

Entered for the Court

Neil M. Gorsuch
Circuit Judge