**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALFONSO CARRILLO,

     Plaintiff - Appellant,

v.

CYNTHIA H. COFFMAN, Colorado
Attorney General, in her official capacity
as elected Colorado Attorney General;
RICK RAEMISCH, in his individual and
official capacities; BOBBY BONNER, in
his individual and official capacities;
MITCHELL MORRISSEY, in his
individual and official capacity as Second
Judicial District Attorney; MORRIS B.
HOFFMAN, Judge, in his official and
representative capacities; PHIL GEIGLE,
in his individual and representative
capacities; DARRYL SHOCKLEY, in his
individual and representative capacities;
DANIEL CHUN, in his individual and
representative capacity as Denver D.A.
detective; BRAD UYAMURA, in his
individual and representative capacity as
Denver D.A. detective; FRANK
THOMAS, Sheriff, in his individual and
official capacities; GARY WILSON, in his
individual and official capacities; ELIAS
DIGGINS, in his individual and official
capacities; DENVER SHERIFF
DEPARTMENT, in its official capacity;
DOUGLAS K. WILSON, in his individual
and official capacities; ELIZABETH
PORTER-MERRILL, in her individual and
official capacities; NICHOLAS SARWAK,
in his individual and official capacities;
DOUGLAS N. DARR, in his individual
and official capacities; CAROL

No. 15-1298
(D.C. No. 1:12-CV-02034-RM-MEH)
(D. Colo.)

CHAMBERS, in her individual and official capacities as 18th Judicial District Attorney; GEORGE H. BRAUCHLER, in his individual and official capacities as 18th Judicial District Attorney; JEFF SHRADER, in his individual and official capacities as elected Jefferson County Sheriff,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

_____

Alfonso Carrillo, proceeding pro se, alleges that a number of government officials have sued and prosecuted him for the purpose of impeding his efforts to challenge various property foreclosures. His amended complaint asserts that this conduct violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and, apparently, his rights under the Fair Housing Act. All those served with process moved to have the amended complaint dismissed. The United States District Court for the District of Colorado dismissed it in its entirety. Mr. Carrillo appeals the dismissal and the order denying his motion for reconsideration. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We first must assure ourselves of our appellate jurisdiction. Because Mr. Carrillo's notice of appeal was filed more than 30 days after entry of final judgment, this court issued an order requiring Mr. Carrillo to show cause why we should not dismiss the appeal as untimely. *See* Fed. R. App. P. 4(a)(1)(A) (stating the general rule that the notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). His response established that his notice of appeal had been timely filed under the prison-mailbox rule. *See* Fed. R. App. P. 4(c)(1).

Our jurisdiction, however, is limited to review of the judgment. We cannot review the order denying Mr. Carrillo's motion for reconsideration, which was entered months after the notice of appeal was filed. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a postjudgment motion] . . . must file a notice of appeal, or an amended notice of appeal[,] . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 885 (10th Cir. 2011) ("to perfect an appeal from the district court's [post-notice-of-appeal] decision denying Plaintiffs' post-dismissal motion . . . , Plaintiffs had to file a second notice of appeal").

We review de novo the district court's dismissal of Mr. Carrillo's amended complaint, accepting his well-pleaded factual allegations, of which there are few, as true. *See Howard v. Waide*, 534 F.3d 1227, 1242–43 (10th Cir. 2008). Although we construe his pleadings liberally, in light of his pro se status, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), we do not assume the role of his advocate, *see Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

3

We discern four challenges to the judgment in Mr. Carrillo's appellate brief: (1) in dismissing the amended complaint, the district court "failed to give priority to superseding First, Fourteenth Amendment rights and Equal Civil Rights a superior importance over inferior, racially motivated state interests which if valid, must be resolved in civil proceedings," Aplt. Br. at 19; (2) the district court improperly referred various matters, including the defendants' motions to dismiss, to a magistrate judge; (3) the magistrate judge never held a hearing, so Mr. Carrillo could not submit additional evidence; and (4) the district court erred in not deeming his claims admitted when, instead of "address[ing] [his] genuine issues," the defendants filed motions to dismiss, *id.* at 24.

To address the first challenge, we begin by summarizing the district court's rulings. It dismissed ten defendants because they had not been served with process; dismissed claims against Defendants Suthers, Brauchler, Chambers, Geigle, and Morrissey in their official capacities on standing and Eleventh Amendment grounds; dismissed claims against Brauchler, Chambers, Geigle, and Morrissey in their individual capacities on the grounds that they were barred by the statute of limitations, prosecutorial immunity, and the *Heck* doctrine, *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (claim is barred if its success would imply the invalidity of a criminal conviction that has not been set aside); and dismissed claims against the Denver Sheriff Department and the three Sheriff Defendants in their official capacities for failure to allege a municipal policy or custom. The district court also dismissed a challenge to the validity of unidentified state statutes for failure to identify the statutes being challenged and dismissed a Fair

4

Housing Act claim because the amended complaint's allegations failed to raise a plausible inference that the defendants' conduct was motivated by Mr. Carrillo's race or that the conduct constituted coercion or intimidation. And it rejected the remaining claims against the Sheriff Defendants and Defendant Chun in their individual capacities because Mr. Carrillo failed to allege any plausible constitutional claims against them (and further held that the Fourth and Fourteenth Amendment claims were barred by *Heck*). The court denied Mr. Carrillo an opportunity to file a second amended complaint because he had said nothing to suggest that he would be able to cure the defects noted above.

On appeal Mr. Carrillo makes no intelligible argument challenging the district court's substantive rulings. Rather, he makes sweeping assertions of discrimination without providing specifics or making any attempt to point out errors in the grounds relied on by the district court for dismissing his amended complaint. We "cannot take on the responsibility of serving as [Mr. Carrillo's] attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Carrillo's three procedural challenges are equally meritless. First, we need not address his argument that the district court improperly referred certain motions and pleadings to a magistrate judge, because he forfeited this objection by not presenting it until his appellate brief. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1215 (10th Cir. 2014) (argument is forfeited if not raised below). In any event, there is nothing wrong with a district judge referring legal issues to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) ("a judge may . . . designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and

5

recommendations for the disposition, by a judge of the court, of [a motion to dismiss for failure to state a claim upon which relief can be granted]"); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) ("While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations" (internal quotation marks omitted)).  Second, the failure to hold a hearing at which Mr. Carrillo could present evidence did not prejudice him because the case was resolved on pure issues of law.  And finally, Mr. Carrillo is incorrect in arguing that by filing motions to dismiss instead of answers, the defendants admitted all the claims in his amended complaint.  Parties may assert the "failure to state a claim upon which relief can be granted" by motion "made *before* pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b) (emphasis added).

We AFFIRM the judgment of the district court.  Mr. Carrillo's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Harris L Hartz
Circuit Judge

6