FILED
United States Court of Appeals
Tenth Circuit

March 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT J. HARPER, JR.,

      Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; CORIZON HEALTH,
INC.; EDDIE WILSON, Warden,
Wyoming State Penitentiary; ROBERT O.
LAMPERT, Director, Wyoming
Department of Corrections; ANNE
CYBULSKI-SANDLIAN, Wyoming
Department of Corrections Health Services
Program Manager; ROBERT WHITE,
M.D., Corizon Health, Inc.; S. LEVENE,
M.D., Corizon Health, Inc.; CINDY
ARCHULETTA, R.N., Corizon Health,
Inc.; H. MASCARENA, L.P.N.; L.
DEHERRERA, C.N., individually and in
their official capacities,

      Defendants - Appellees.

No. 16-8082
(D.C. No. 2:16-CV-00114-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert Harper, a Wyoming prisoner proceeding pro se, appeals the district court's order dismissing his civil rights complaint under 28 U.S.C. § 1915A. The court determined that the complaint did not contain enough factual matter to state a plausible claim. Mr. Harper filed a postjudgment motion seeking leave to file an amended complaint, which a magistrate judge denied. The magistrate judge also denied Mr. Harper's motion to reconsider the denial of his postjudgment motion. It is undisputed that Mr. Harper did not consent to proceed before a magistrate judge. We conclude that the magistrate judge was without authority to enter the final order denying the motion to reconsider. Consequently, we dismiss this appeal for lack of jurisdiction.

"Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even [if] the parties are prepared to concede it." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (brackets and internal quotation marks omitted).

> Federal magistrate judges are creatures of statute, and so is their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the [plaintiff] did not consent to proceeding before the magistrate judge, *see* § 636(c)(1), the district court may designate a magistrate judge to consider various matters. *See* § 636(b). These matters are generally categorized as "dispositive" or "non-dispositive," and a magistrate judge's authority with respect to each category is different[.]

*First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citations, alterations, and internal quotation marks omitted). "[A] magistrate [judge] is not authorized to render final appealable decisions within the meaning of 28 U.S.C. § 1291,

absent both designation by the district court and consent of the parties under 28 U.S.C.

§ 636(c) . . . ." *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*,

879 F.2d 809, 811 (10th Cir. 1989). Moreover, "[s]ection 636 does not expressly

authorize a district court to designate a magistrate [judge] to handle post-judgment

matters." *Id.*

As for dispositive motions, magistrate judges "may only make proposed findings

of fact and recommendations, and district courts must make *de novo* determinations as to

those matters if a party objects to the magistrate's recommendations." *First Union*

*Mortg. Corp.*, 229 F.3d at 995 (internal quotation marks omitted). Therefore, when

Mr. Harper sought reconsideration of the magistrate judge's order denying his motion for

leave to file an amended complaint, "the district court was obligated to review the basis

for the order [denying reconsideration]," *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222

(10th Cir. 2006) (alterations and internal quotation marks omitted); *accord First Union*

*Mortg. Corp.*, 229 F.3d at 996.[1]

---

[1] We express no opinion on whether the magistrate judge had authority to enter an order denying the postjudgment motion seeking leave to file an amended complaint. *See Colo. Bldg. & Constr. Trades Council*, 879 F.2d at 811 ("Section 636 does not expressly authorize a district court to designate a magistrate [judge] to handle post-judgment matters."). Given the district court's obligation to address Mr. Harper's motion to reconsider, *see Phillips*, 466 F.3d at 1222, we dismiss the appeal on that ground.

3

Accordingly, this appeal is dismissed for lack of jurisdiction. There was not a final appealable order entered by the district court. The Notice of Non-Participation and Objection to being Named as Appellees filed by defendants-appellees Corizon Health, Inc., Archuletta, DeHerrera, Mascarenas, and White is denied as moot.


Entered for the Court


Bobby R. Baldock
Circuit Judge