**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

PEDRO M. VILELA,

    Plaintiff - Appellant,

v.

OFFICE OF RECOVERY SERVICES;
STATE OF UTAH CHILD SUPPORT
ENFORCEMENT; LIESA STOCKDALE,
in her official and private capacity; UTAH
COUNTY FOURTH DISTRICT COURT;
AMY JONKHART, in her official and
private capacity; MARIAN H. ITO, in her
official and private capacity,

    Defendants - Appellees.

No. 23-4096
(D.C. No. 2:22-CV-00699-DBB)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

_____

    Pedro Vilela, appearing pro se, appeals the district court's judgment

dismissing his civil rights action without prejudice for failure to prosecute and the

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's denial of his post-judgment filings. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

A provision of the Federal Magistrates Act, 28 U.S.C. § 636, delineates the authority of federal magistrate judges. Section 636(c) provides that, in a civil action and "[u]pon the consent of the parties," a magistrate judge may conduct all proceedings and enter judgment. Short of that, a "judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain enumerated motions, including a motion to dismiss for failure to state a claim for relief. § 636(b)(1)(A). "[A] judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." § 636(b)(1)(B). Designations under § 636(b)(1) do not require the parties' consent. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) ("[W]here the parties [do] not consent to proceeding before the magistrate judge, the district court may designate a magistrate judge to consider various matters [under] § 636(b)." (citation omitted)); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) ("Unlike . . . § 636(c)(1), . . . § 636(b)(1)(B) does not require the consent of the parties.").

In this case, Vilela did not consent to a magistrate judge presiding over the entire case under § 636(c)(1), but a magistrate judge was designated under § 636(b)(1). When defendants moved for an extension of time to file an answer to

Vilela's amended complaint, the magistrate judge granted the motion based on a finding of good cause and excusable neglect.  Vilela objected and moved to recuse the magistrate judge, arguing he had ruled without Vilela's consent and had unfairly assisted defendants.  The district court overruled the objection and denied recusal, explaining to Vilela that designation of a magistrate judge under § 636(b)(1) does not require the parties' consent and concluding that granting the extension of time was authorized and proper under the governing legal standard.  The court declined to recuse the magistrate judge because Vilela had asserted only dissatisfaction with the magistrate judge's conclusions.

At the heart of this appeal is the magistrate judge's "Ruling & Order," R. at 58 (capitalization normalized), which involved defendants' motion to dismiss Vilela's amended complaint for, among other things, failure to state a claim for relief and failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  The magistrate judge concluded the amended complaint did not meet Rule 8's requirements, in part because of a nearly complete lack of factual allegations.  But instead of granting the motion to dismiss, the magistrate judge "RECOMMEND[ED]" denying the motion to dismiss without prejudice and "ORDERED" Vilela to file a second amended complaint by April 24, 2023.  R. at 63. The magistrate judge warned Vilela that the "[f]ailure to do so may result in a recommendation to dismiss the action."  *Id.*

Vilela filed a timely objection to the Ruling & Order, arguing that because he had not consented, the Ruling & Order exceeded the magistrate judge's authority

3

under § 636(b)(1)(B).  The district court overruled the objection.  The court concluded Vilela had merely "rehashe[d] the consent argument that the court ha[d] previously rejected."  R. at 80 (footnote omitted).  And finding no error in the Ruling & Order, the district court adopted its recommendation, denied defendants' motion to dismiss without prejudice, and ordered Vilela to file a second amended complaint by May 8, 2023.

Vilela never filed a second amended complaint.  Instead, he filed an "objection" to the district court's order (really, a motion for reconsideration) and two requests for a ruling on that objection.  After the May 8 deadline passed, the magistrate judge issued a "Report and Recommendation" (R&R).  R. at 103 (capitalization normalized).  The magistrate judge recommended dismissing the case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Vilela filed a timely objection to the R&R but continued to take issue with the Ruling & Order, arguing that by ordering Vilela to file a second amended complaint and denying the motion to dismiss, the magistrate judge exceeded his authority under § 636(b)(1)(B).  Vilela noted that in the R&R, the magistrate judge stated he had (in the Ruling & Order) "'denied Defendants' Motion to Dismiss.'"  R. at 113 (quoting R. at 103).  Vilela therefore concluded that he "had no obligation to abide by the . . . Ruling & Order."  R. at 109 (capitalization normalized).  Vilela also accused the magistrate judge and the district court of criminally conspiring to violate his due process rights.

The district court rejected these arguments.  The court observed that in the Ruling & Order, the magistrate judge had only *recommended* denying the motion to dismiss, and that was within the authority granted by § 636(b)(1)(B).  The court also noted that regardless, it had separately ordered Vilela to file a second amended complaint.  The court next determined that the remainder of Vilela's objection was "general" in nature and "cast[] unfounded aspersions" at both the magistrate judge and the court.  R. at 120.  The court found that Vilela "is not confused about what he needs to do (file a second amended complaint to address the deficiencies identified in the magistrate judge's order), nor does he lack the ability to take the required action.  Instead, he simply does not want to comply with the orders issued."  *Id.* (footnote omitted).  The court further found that "Vilela does not intend to file a second amended complaint, but instead to continue insisting that he need not."  R. at 121.  After explaining that even a pro se litigant must "comply with procedural rules" and finding no error in the R&R, the district court overruled Vilela's objection, adopted the R&R, and dismissed the action without prejudice pursuant to Rule 41(b).  *Id.* (internal quotation marks omitted).  The court acknowledged Vilela's pending objection to the court's order adopting the Ruling & Order but did not separately rule on it.  The court entered a separate judgment.

Vilela then filed a motion for reconsideration, which the district court denied.  The court rejected Vilela's argument that the Ruling & Order exceeded the magistrate judge's authority under § 636(b)(1)(B) because Vilela had not consented to the magistrate judge's participation, again explaining that designating a magistrate judge

5

to issue recommendations on dispositive matters "is not contingent on Mr. Vilela's consent to the magistrate judge's participation." R. at 141 (brackets and internal quotation marks omitted). The court also rejected Vilela's argument that the magistrate judge lacked authority to order Vilela to file a second amended complaint because that order did not involve any of the motions enumerated in § 636(b)(1)(A) that a magistrate judge may not determine. In the alternative, the district court pointed out that even if the magistrate judge lacked authority to recommend or order Vilela to file a second amended complaint, the court itself had ordered him to do so, and Vilela's failure to comply with the court's order resulted in dismissal of his action.

Vilela filed an objection to that ruling, asserting the same general arguments. He also filed a notice of appeal. The district court overruled the objection as "both procedurally unsupported and substantively without merit." R. at 153.

## II. DISCUSSION

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Because Vilela filed his motion for reconsideration and his objection to the order denying that motion within 28 days of the judgment and questioned the judgment, we review the denial of those filings for an abuse of discretion. *See Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (treating such motions as filed under Fed. R. Civ. P. 59(e) and reviewing for an abuse of discretion). A district court abuses its discretion if its ruling "was arbitrary, capricious, whimsical, or manifestly

6

unreasonable," or the court made "an error of law." *Pueblo of Jemez v. United States*, 63 F.4th 881, 889 (10th Cir. 2023) (internal quotation marks omitted). We afford a pro se litigant's filings a liberal construction, but we may not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Vilela contends that based on his refusal to consent to the magistrate judge's authority, he was not obligated to file a second amended complaint because the magistrate judge's Ruling & Order was a "final order" denying defendants' motion to dismiss and therefore in excess of the magistrate judge's authority under § 636(b)(1)(B). Aplt. Opening Br. at 3; *see also id.* at 8 ("[T]he magistrate [judge] clearly denied a motion to dismiss."). Vilela's argument rests largely on the title of the first recommendation—Ruling & Order—and on the magistrate judge's statement in the R&R that he had, in the Ruling & Order, "denied Defendants' Motion to Dismiss," R. at 103. Vilela accuses the district court of trying to "cover up" the magistrate judge's violation of § 636(b)(1)(B) by referring to the Ruling & Order as a recommendation and then adopting it. Aplt. Opening Br. at 4, 6. And he contends the magistrate judge should have been recused for abusing his authority under § 636.

These arguments ignore the realities of this case and elevate form over substance. Despite the title of the Ruling & Order and the magistrate judge's later statement that he had denied the motion to dismiss, the magistrate judge provided only a *recommendation*—in all capital letters—on defendants' motion to dismiss. *See* R. at 63 ("For the reasons stated, the Court RECOMMENDS that Defendants' Motion to Dismiss the Amended Complaint be DENIED WITHOUT PREJUDICE.").

7

That recommendation is entirely consistent with the authority granted by

§ 636(b)(1)(B) and, as the district court explained to Vilela, does not depend on the

parties' unanimous consent to the magistrate judge's jurisdiction.  *See First Union*

*Mortg. Corp.*, 229 F.3d at 995; *Garcia*, 232 F.3d at 766.

Vilela complains the district court did not rule on his objection to the court's

order adopting the Ruling & Order despite that he twice asked the court to do so.  But

given our conclusion that the district court did not err in adopting the Ruling &

Order's recommendation, we consider the court's failure to rule on the objection

harmless.  Vilela has not demonstrated otherwise.

Vilela argues the district court did not address all the issues he raised in his

objection to the R&R, his post-judgment motion for reconsideration, and his

objection to the dismissal order.  In his opening brief, however, he fails to identify

what those allegedly unaddressed issues are or explain how consideration of them

would have altered the outcome in the district court or on appeal.  We therefore

conclude he has waived review of this argument through inadequate briefing.  *See*

*Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("[A]rguments that are

inadequately presented in an opening brief" or "presented only in a perfunctory

manner" are "abandoned or waived" (brackets and internal quotation marks

omitted)).

Vilela contends the district court dismissed his action without making

adequate factual findings and legal conclusions and without examining "the actual

procedural history of the case," Aplt. Opening Br. at 11.  Our review of the record,

8

however, indicates the district court was well aware of the procedural history of this case. *See SEC v. Power Res. Corp.*, 495 F.2d 297, 298 (10th Cir. 1974) (explaining that although "[t]here is no precise rule as to what circumstances justify a dismissal for failure to prosecute," a court must examine "the procedural history of [the] case"). It also indicates the court provided adequate findings of fact and conclusions of law before dismissing the action.

Finally, Vilela appears to argue the district court lacked jurisdiction to deny his objection to the dismissal order because he filed his notice of appeal while that objection was pending. He is mistaken. *See* Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion.").

### III. CONCLUSION

We affirm the district court's judgment and its rulings denying Vilela's post-judgment filings.

Entered for the Court


Allison H. Eid
Circuit Judge